UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
L.S. POWER SKATING, INC.,

                        Plaintiff,

- against -

ANGELO SERSE, ERIK KALLIO, and
PRO STRIDE, INC.,

                        Defendants.
-------------------------------------------------------------x

**ORDER**

No. 21-CV-8796 (CS)

      Upon consideration of Plaintiff's proposed order to show cause, (ECF No. 13), together with the affirmations, exhibits, and memorandum of law submitted in support thereof, (ECF Nos. 13-14), as well as the other filings on the docket, and having heard both parties in open court today, it is hereby:

      ORDERED that, sufficient reason having been shown, pending the hearing of Plaintiff's application for a preliminary injunction, pursuant to Rule 65 of the Federal Rules of Civil Procedure,

      (i)     Defendants, and/or anyone acting on Defendants' behalf, shall temporarily remove any videotape which they have published on YouTube, any website, or social media platform which references or suggests a current association with "Laura Stamm," "Laura Stamm Power Skating," or "L.S. Power Skating," pending further order of the Court;

      (ii)    Defendants, and/or anyone acting on Defendants' behalf, are temporarily restrained, prohibited, and enjoined from using any of the contacts on the "Constant Contacts" platform which they allegedly misappropriated from Plaintiff, pending further order of the Court;

      (iii)   Defendants, and/or anyone acting on Defendants' behalf, are temporarily restrained, prohibited, and enjoined from incurring any expenses outside of the ordinary course

of business, including distributions to any officers or principals, and are instructed to maintain a monthly accounting of their expenses, pending further order of the Court;

(iv)    Defendants, and/or anyone acting on Defendants' behalf, are temporarily restrained, prohibited, and enjoined from destroying, modifying, or spoliating the books, records, and other documents in their possession, however stored, including any social media files and/or postings, relative to the claims in this action as set forth in the verified complaint, pending further order of the Court;

(v)    Defendants, and/or anyone acting on Defendants' behalf, are temporarily required to explicitly state or otherwise make clear that they no longer affiliated with Plaintiff when scheduling, running, or advertising any training clinics or programs at any ice-skating rink used by Plaintiff during their employment by Plaintiff or otherwise communicating with rink officers or employees, or potential customers;

(vi)    Defendants, and/or anyone acting on Defendants' behalf, shall immediately return to Plaintiff all physical property in their possession belonging to Plaintiff.

**SO ORDERED.**

Dated: November 18, 2021
       White Plains, New York

_____
CATHY SEIBEL, U.S.D.J.